**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE A. VILLANUEVA-ZALDANA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-72840

Agency No. A014-145-167

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Jose A. Villanueva-Zaldana, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") deportation order and denying his motion to

remand based on ineffective assistance of counsel.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo claims of ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and grant in part the petition for review and remand for further proceedings.

The BIA did not err in finding that Villanueva-Zaldana's former counsel had not acted ineffectively by failing to submit the plea hearing transcript to the IJ.  *See id.* at 793 (a petitioner must demonstrate that counsel failed to perform with sufficient competence to prevail on an ineffective assistance of counsel claim).

Because the BIA failed to address Villanueva-Zaldana's contentions, raised in his brief on appeal to the BIA, that the IJ's bias violated due process and that the IJ erred in failing to adjudicate his adjustment of status application, we grant the petition for review and remand to the agency to consider these contentions in the first instance.  *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (BIA is not free to ignore arguments raised by a petitioner).

Each party shall bear its own costs in this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**